UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Travis Johnny Smith, | ) | CASE NO. 5: 25 CV 2733 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| AT&T Corporation, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

**Background**

*Pro se* Plaintiff Travis Johnny Smith, who is incarcerated in Kentucky, has filed an *in forma pauperis* civil complaint in this matter against AT&T Corporation.  (Doc. No. 1.)

His complaint does not allege any specific legal claim or cause of action; he merely indicates he seeks to assert federal jurisdiction on the basis of diversity of citizenship.  (*Id*. at ¶ II.)  Nor does his complaint set forth clear factual allegations.  The Statement of Claim set forth in his complaint, in its entirety, is that:

> AT&T took my business numbers and never paid transfer from Tmobile, along with putting it on Katie plamentera person credit.

(*Id*. at  ¶ III.)

He asks for "9.4 million dollars for the miscommunications for [his] business."  (*Id.* at ¶ II.B.3.)

**Standard of Review and Discussion**

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d

380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs in determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)). The allegations in the pleading "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Furthermore, to state a claim in federal court, a complaint must set forth allegations sufficient to give the defendant fair notice of what the plaintiff's legal claims are, as well as the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Courts do "not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Upon review, the Court finds that Plaintiff's complaint warrants summary dismissal pursuant to § 1915(e)(2)(B). Even liberally construed, it fails to meet basic federal notice pleading requirements or set forth allegations sufficient to state a plausible civil claim against Defendant

upon which he may be granted relief.  *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (holding a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555 (noting that conclusory allegations fail to state a claim under § 1983). Although federal pleading requirements do "not require 'detailed factual allegations,' " they demand more than an "unadorned, the-defendant-unlawfully-harmed-me accusation[,]" which is the most Plaintiff's complaint suggests here.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: March 11, 2026

 /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE